# In the United States Bankruptcy Court
## for the
### Southern District of Georgia
#### Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By jburrell at 2:12 pm, Oct 21, 2010

In the matter of: )
)  Chapter 13 Case
DAVID R. COSTANTINO )
LINDA S. COSTANTINO )  Number 10-41366
)
*Debtors* )

## ORDER ON OBJECTION TO CONFIRMATION BY DIXON, INC.

A trial of the above-captioned objection was conducted on September 14, 2010. During the course of the hearing, it became obvious that the major threshold issue that must be resolved is to establish precisely the amount of the pre-petition arrearage in the case. Debtors contend that this arrearage figure is approximately $2,700.00 while Dixon, Inc., the objecting party ("Dixon"), contends that the arrearage amount is more than $18,000.00, as evidenced by its proof of claim. Claim No. 12-1 (October 6, 2010). The Court received Exhibit C-1, a promissory note in the amount of $167,500.00 between Debtors and Dixon. The Court also admitted Exhibit C-2, the amortization schedule prepared by Dixon's principal owner. Finally, Exhibit C-3, the security deed, was admitted into evidence.

The Court and the parties have agreed that the primary, if not sole reason for the wide chasm between the parties' contentions concerning the pre-petition arrearage centers around the method by which Dixon applied payments that were received when an overdue payment for a previous month remained outstanding. Dixon's procedure was to accept

payments as and when received, and if there was an unpaid overdue payment for a previous month, Dixon applied a portion of the current month's payment to the balance of unpaid late charges[1] for the previous month or months. The result of this in almost every case was that after the deduction of the outstanding late charge, the net funds from the check tendered in any such month were insufficient to make a full monthly payment. That then automatically triggered a late charge for the month in which the payment was tendered.

Because Dixon consistently applied payments to late charges first, and because Debtors made multiple late payments over the administration of the loan from 2003 to the present, a huge pre-petition arrearage accrued under this methodology. Debtors contend that the proper application of funds would be to take a payment in a current month and apply it first to principal, second to interest, and third to any balance on escrow, with any remaining funds applied to outstanding late charges.

Debtors concede that they failed to make two payments throughout the period of the loan. Clearly, late charges would be due for those unpaid months. Late charges would also be due for any month in which the payment was actually tendered more than ten days after the due date. Note, Exhibit C-1, ¶6(A). However, under Debtors' interpretation, a late charge would not be triggered if a timely payment had been made for a month if the only reason that the tendered funds were insufficient to pay the monthly payment was

---

[1] The note provides for the payment of a 10% late charge on any payment not received by the end of ten calendar days after the payment due date. The late charge is only assessed once on each payment. Note, Exhibit C-1, ¶6(A)

because Dixon applied part of the payment to an old late charge.

I have construed the applicable terms of the promissory note and the security deed. I conclude that the provisions of paragraph 2(c) of the security deed and paragraph (N) of the definition section lead to the conclusion that Dixon was not entitled to apply payments tendered in a current month to a previous month's outstanding late charge unless the payment tendered was also sufficient to pay the current month's principal, interest, and funds for escrow items. Since it appears that on few, if any occasions were the payments sufficient to do so, I hold that Dixon is required to recompute the pre-petition arrearage for which it filed its claim in accordance with this interpretation of the contract terms.

### ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Dixon shall have thirty days from the entry of this Order to amend its claim to reflect the resulting arrearage claim. Debtors retain the right to verify the computation and file an objection to the amended claim if necessary.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 20th day of October, 2010.